[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This opinion resolves the issues of collateral source reduction and offer of judgment interest in the above-captioned case.
 Collateral Source
The defendant, Barbara Horne, moves, under General Statutes §52-225a(a), for a reduction in economic damages, awarded to the plaintiff, the estate of Shelby LePage, by a jury verdict rendered on January 30, 2001, because of collateral source payments. On May 7, 2001, the court held an evidentiary hearing on this issue. The economic damages awarded was $200,000 in this wrongful death case.
Health insurance coverage paid $2931 with respect to bills generated by treatment administered in the unsuccessful attempt to resuscitate the decedent, an eighty day old infant. The child's parents paid premiums of $502.34 per month for the six month contract term in order to secure such coverage. Thus, the total premiums paid in order to obtain coverage for the pertinent treatment period was $3,014.04.
Subsections 52-225a(a) and (c) require the court to reduce an award of economic damages resulting from personal injury by the amount of collateral source payments, such as health insurance payments, less the cost expended to secure these payments, such as insurance premiums. In CT Page 7798 the present case the court holds that all monthly premiums paid during the six month contract period which secured insurance coverage for the decedent at the time needed must be subtracted from the collateral source payments. Because the costs of obtaining the insurance coverage, $3,014.04, exceeded the payments made, $2,931, no deduction for collateral source payments applies.
 Offer of Judgment Interest
On June 19, 2000, the plaintiff filed an offer of judgment, pursuant to General Statutes § 52-192a, in the amount of $300,000. The defendant failed to accept this offer within thirty days. The jury verdict awarded the plaintiff damages totaling $800,000, which sum is obviously greater than the plaintiff's offer of judgment. Consequently, under §52-192a(b), the court must add to this award twelve percent annual interest computed from the date the complaint was filed, July 14, 1999. This is so because the offer of judgment was filed within eighteen months of that date.
Although § 52-192a(b) allows up to $350 in reasonable attorney's fees also, none are awarded because the plaintiff never made a claim for attorney's fees.
Twelve percent annual interest on $800,000 yields a per diem rate of $263.01. Interest under § 52-192a runs until the date judgment enters, Paulus v. Lasala, 56 Conn. App. 139, 151 (1999). There are 692 days from July 14, 1999, to date. Therefore, the offer of judgment interest equals the product of 692 days times $263.01 per day for a total of $182,002.92. This sum is added to the $800,000 verdict amount.
Judgment may enter for the plaintiff in the amount of $982,002.92 plus costs.
Sferrazza, J.